CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

OCT 3 1 2008

JOHN F. CORCORAN, CLERK
BY: _____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | Case No. 1:03cr00053 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| DEBORAH LYNN STEVENSON, ) | BY: GLEN M. WILLIAMS |
| Defendant. ) | SENIOR UNITED STATES DISTRICT JUDGE |

This case is currently before the court on the defendant's pro se Motion for Reduction of Sentence, (Docket Item No. 48), ("the Motion"), pursuant to 18 U.S.C. § 3582(c). Upon review of the arguments asserted in the Motion, the court is of the opinion that the defendant's Motion must be denied.

Stevenson argues that she is entitled to a reduction of her February 26, 2004, sentence based upon the claims that (1) her prior state convictions for burglary fall outside the statutory definition of "crime of violence" as defined by United States Sentencing Guideline, ("U.S.S.G."), § 4B1.2(a)(2),[1] and (2) the facts relied upon by the court and the Government in classifying Stevenson as an Armed Career Criminal, ("ACC"), were outside the charge made in the indictment.

With regard to Stevenson's first claim, the court finds it to be without merit. An individual convicted of being a felon in possession of a firearm in violation of 18 U.S.C.A. § 922(g) and who has three previous convictions for violent felonies

---

[1] Stevenson incorrectly implies that the court and the Government relied on U.S.S.G. § 4B1.2(a)(2) in imposing her sentence. Rather, because Stevenson qualified as an Armed Career Criminal, the court relied on U.S.S.G. § 4B1.4(a).

1

or serious drug offenses is subject to an enhanced sentence of 15 years without the possibility of parole under 18 U.S.C.A. § 924(e)(1), also known as the Federal Armed Career Criminals Act, ('ACCA'). A "violent felony" for the purpose of sentence enhancement under 18 U.S.C.A. § 924(e)(1) is defined in 18 U.S.C.A. § 924(e)(2)(B). This provision provides a sentence enhancement for a 'person' convicted under § 922(g) who 'has three previous convictions ... for a violent felony,' and defines 'violent felony' as '(B) ... any crime punishable by imprisonment for a term exceeding one year' that '(i) has as an element the use, attempted use, or threatened use of physical force against [another's] person,' or '(ii) is burglary [or other specified offenses] or otherwise involves conduct that presents a serious potential risk of physical injury to another.' 18 U.S.C.A. § 924(e)(2)(B)(ii).

On February 26, 2004, Stevenson was convicted of being a felon in possession of a firearm in violation of 18 U.S.C.A. § 922(g). Stevenson was subject to an enhanced sentence under 18 U.S.C.A. § 924(e) due to her three previous convictions for a violent felony, committed on occasions different from one another, thus classifying her as an Armed Career Criminal, ('ACC'). U.S.S.G. § 4B1.4(a). Stevenson received three felony convictions for burglary on April 14, 2000, in Georgia state court, and another burglary conviction for a similar offense on September 21, 2000.[2] Stevenson's argument that her prior state conviction should not be classified as a 'crime of violence' is misplaced, as her three felony convictions at the state level automatically qualify her as an ACC, and subject her to a mandatory minimum of fifteen years imprisonment. The applicable offense level is 33. U.S.S.G. § 4B1.4(b)(3)(B).

---

[2] Stevenson was charged and convicted of burglarizing various business establishments in McDuffie County, Columbia County, Wilkes County and Warrenton, Georgia.

Stevenson further argues that the court and the Government, in determining that Stevenson qualified as an ACC, falsely relied on facts outside the charge made in the indictment. Specifically, she argues that because her prior conviction for burglary was not of a "dwelling," that it should not be classified as a "crime of violence" under U.S.S.G. § 4B1.2(a)(2). Once again, Stevenson's argument is misplaced, as she automatically qualifies as an ACC under 18 U.S.C.A. § 924(e) based on her prior state convictions. In *Taylor v. United States*, 495 U.S. 575, 575 (1990), the Supreme Court defined burglary under 18 U.S.C.A. § 924(e)(2)(B)(ii) for the purposes of sentence enhancement under 18 U.S.C.A. § 924(e)(1), whereby the Court held that an offense constitutes burglary for the purpose of sentence enhancement under 18 U.S.C.A. § 924(e) if (1) its statutory definition substantially corresponds to "generic burglary," defined as any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime, or (2) the charging papers and the jury instructions actually required the jury to find all the elements of "generic burglary" in order to convict the defendant.

In *Taylor*, the court stated that "the sentencing court must generally adopt a formal categorical approach in applying the enhancement provision, looking only to the fact of conviction and the statutory definition of the predicate offense, rather than to the particular underlying facts." 495 U.S. at 576. The Court further stated that this "approach is required, since, when read in context, § 924(e)(2)(B)(ii)'s 'is burglary' phrase most likely refers to the statutory elements of the offense rather than to the facts of the defendant's conduct." 495 U.S. at 576.

3

In this case, Stevenson has four burglary convictions under Georgia Code 16-7-1, which states

> A person commits the offense of burglary when, without authority and with the intent to commit a felony or theft therein, [s]he enters or remains within the dwelling house of another or any building, vehicle, railroad car, watercraft, or other such structure designed for use as the dwelling of another or enters or remains within any other building, railroad car, aircraft, or any room or any part thereof.

GA. CODE. ANN. § 16-7-1 (2008).

As defined in *Taylor*, the Georgia statute for burglary appears to have the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime. Therefore, such definition "substantially corresponds" to the elements of a "generic burglary" for purposes of classifying an ACC under 18 U.S.C.A. § 924(e)(2)(B)(ii).[3] As a result,

---

[3]    Additionally, Stevenson cites *U.S. v. Davis*, 801 F.2d 754 (5th Cir. 1986), to support her argument that because the indictment did not charge her with a violation of the ACCA, the court could not convict and sentence her under the Act, because the ACCA created a new federal offense and was not merely a sentence enhancement. At the time *Davis* was decided, 18 U.S.C.A. App. § 1202(a)(1) was construed to establish an offense consisting of two elements. The Government had to prove (1) that the defendant received, possessed or transported a firearm in or affecting interstate commerce and (2) that the defendant had three previous convictions for robbery or burglary, or both. 801 F.2d at 755. However, *Davis* was rejected by most other circuits and has since been superseded by statute.

In 1986, Congress repealed § 1202, and reenacted the relevant provisions as 18 U.S.C. § 921 *et seq*. As part of the revision and reorganization of the statute, Congress separated the provisions relating to offenses and penalties. Congress thus clarified that multiple prior convictions are not an element of the offense that must be found by the jury, but are instead to be considered by the court in setting the defendant's sentence. Now, the underlying offense is defined as possession of a firearm by a convicted felon. 18 U.S.C. § 922(g)(1). Section 924(e)(1), which prescribes the penalties for violation of § 922(g), provides that "a person who violates § 922(g) and has three previous convictions ... shall be fined not less than $25,000 and imprisoned not less than fifteen years." *United States v. Pirovolos*, 844 F.2d 415 (7th Cir. 1988).

Stevenson's Georgia state convictions for burglary qualify for the purpose of sentence enhancement under 18 U.S.C.A. § 924(e).

Although at the time of the original sentencing, the undersigned stated that "it was with deep regret that [I] had to impose the sentence, that Congress has passed these Sentencing Guidelines and that [Stevenson] happened to fall into the crack," I must note that the Sentencing Guidelines specifically deny any downward departure of Stevenson's sentence. Under U.S.S.G. § 4A1.3(b), if reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, a downward departure may be warranted. However, U.S.S.G. § 4A1.3(b)(2)(B) prohibits a downward departure for an ACC within the meaning of § 4B1.4.

In *U.S. v. Rucker*, 171 F.3d 1359, 1364 (11th Cir. 1999), the Eleventh Circuit Court of Appeals held that a defendant with prior drug convictions who qualified as an "armed career criminal" was not entitled to a downward departure for overstatement of criminal history. The court noted that prior to this conviction, the defendant had three earlier state convictions for possession with intent to distribute cocaine. *Rucker*, 171 F.3d at 1360. The three previous convictions qualified him under the statutory definition of an armed career criminal. *Rucker*, 171 F.3d at 1360. The defendant argued that he was only a small-time drug dealer and that only small amounts of drugs were involved in his prior offenses. *Rucker*, 171 F.3d at 1360. The question, therefore, was whether the district court was authorized to depart based on its view that although the prior convictions fell within the statutory definition of serious drug offenses, they involved only a small amount of drugs and therefore were "very minor." *Rucker*, 171 F.3d at 1361. The

5

district court held that it had the authority to depart downward based on its view that the defendant's criminal record was overrepresented by the Guidelines categorization. *Rucker*, 171 F.3d at 1361. The Eleventh Circuit Court of Appeals, finding that decision to be error, vacated the sentence and remanded for resentencing. *Rucker*, 171 F.3d at 1364. The court reasoned that a sentencing court may not look behind the fact of an unambiguous judgment in determining whether a prior conviction serves as a predicate serious drug offense placing the defendant within the Armed Career Criminal Guideline, and similarly it may not do so to conclude a downward departure is warranted on the grounds that the offense involved only a small amount of drugs and therefore was not serious. [4] *Rucker*, 171 F.3d at 1363.

Similarly, Stevenson argues for a downward departure based on an overstatement of her criminal history. Stevenson states that she had a very abusive husband who forced her to participate in the commercial burglaries in Georgia, where Stevenson's role consisted of dropping her husband off and picking him up per his instructions, thus contributing to the commission of the crime. While it may be true that Stevenson was less culpable than her husband for the series of burglaries, this court "may not look behind the fact of an unambiguous judgment in determining whether a prior conviction serves as a predicate" burglary for purposes of the ACC Guideline. *See Rucker*, 171 F.3d at 1363. As a result, a downward

---

[4] The court reasoned that permitting departure based on the comparison of the facts underlying a defendant's prior convictions to those underlying the prior convictions of most career offenders would impermissibly override the Sentencing Commission's efforts to uniformly subject career offenders to enhanced penalties. *See also U.S. v. Haga*, 179 Fed. Appx. 604 (11th Cir. 2006) (holding that since the defendant qualified as an "armed career criminal" under U.S.S.G. § 4A1.3(b)(2)(B), a downward departure under U.S.S.G. § 4A1.3(b)(1) for over-representation of a defendant's criminal history was not permitted).

Case 1:03-cr-00053-JPJ-RSB   Document 49   Filed 10/31/08   Page 6 of 7   Pageid#: 64

departure of Stevenson's sentence is not permitted based on her degree of culpability.

Accordingly, the court is of the opinion that a reduction in Stevenson's current sentence is not warranted. For the reasons stated above, the defendant's Motion is **DENIED**.

The Clerk is directed to enter this Order and to send copies of this Order to all counsel of record and to the defendant at her place of confinement.

**ENTER:** This 31st day of October, 2008.

THE HONORABLE GLEN M. WILLIAMS
SENIOR UNITED STATES DISTRICT JUDGE