# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 1:03CR00053 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **DEBORAH LYNN STEVENSON**, ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*Deborah Lynn Stevenson, Pro Se Defendant.*

The defendant, a federal inmate, has filed what she styles as a "Motion under Title 18 U.S.C. § 3582(b) for Reduction of Sentence." Upon review of the motion and court records, I find that her motion is properly construed and filed as a Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C.A. § 2255 (West Supp. 2010), and dismissed as successive.

Deborah Lynn Stevenson asserts that one of the prior convictions on which the court relied to sentence her as an Armed Career Criminal ("ACC") in 2004 did not qualify as a prerequisite conviction under 18 U.S.C.A. § 924(e) (West Supp. 2010) and, therefore, that the court should remove the ACC enhancement from her sentence. Stevenson asserts that the court may revisit her sentence in this long-closed case under 28 U.S.C.A. § 3582(b) (West Supp. 2010). She is mistaken. This section allows post-judgment modification of a sentence only in limited circumstances not present here.

Because the gravamen of Stevenson's claim asserts that her sentence is illegal as imposed, her claim is properly construed as a § 2255 motion.

This court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the motion meet certain criteria. *See* § 2255(f). Court records indicate that Stevenson previously filed a § 2255 motion concerning this same conviction and sentence, *Stevenson v. United States*, Case No. 7:05cv00013 (W.D. Va. April 19, 2006). Because she offers no indication that she has obtained certification from the court of appeals to file a second or successive § 2255 motion, I must dismiss her current motion without prejudice.

A separate Final Order will be entered herewith.

DATED: February 24, 2011

/s/ JAMES P. JONES
United States District Judge