# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 1:03CR00053-001 |
| v. | ) **OPINION** |
| **DEBORAH LYNN STEVENSON,** | ) By: James P. Jones |
| | ) United States District Judge |
| Defendant. | ) |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for United States; Nancy C. Dickenson, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

The defendant, Deborah Lynn Stevenson, has filed a motion pursuant to 28 U.S.C. § 2255. I find that the United States' Motion to Dismiss must be granted.

The defendant was sentenced by this court on February 26, 2004, after pleading guilty to possession of a firearm having been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1)  She was sentenced to 180 months imprisonment pursuant to the Armed Career Criminal Act (the "ACCA"), 18 U.S.C. § 924(e), to be followed by five years supervised release.

On June 2, 2016, Stevenson, by counsel, filed a motion pursuant to 28 U.S.C. § 2255, contending that her sentence under the ACCA was invalid based upon the holding of the Supreme Court in *Johnson v. United States*, 135 S. Ct.

2551.[1] The United States has filed a Motion to Dismiss, asserting that Stevenson's § 2255 motion is without merit. The defendant has responded, making the matter ripe for decision.

The ACCA provides for an enhanced sentence if a defendant is convicted of a firearm offense and "has three previous convictions by any court . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). Prior to *Johnson*, the term "violent felony" was defined in the ACCA as

> any crime punishable by imprisonment for a term exceeding one year . . . that —
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). The first clause of the statute is referred to as the "force" clause and the first portion of the second clause is called the "enumerated crimes clause." The second portion of the second clause ("or otherwise involves conduct that presents a serious potential risk of physical injury to another") is

---

[1] Stevenson was released from custody on October 4, 2016, and is currently serving her term of supervision. Had she not been sentenced under the ACCA, the maximum period of supervision would be no more than three years, instead of the five years imposed. *See* 18 U.S.C.§ 3583(b) (fixing authorized terms of supervised release).

called the "residual clause" and was found to be unconstitutionally vague in *Johnson.*

Stevenson was sentenced under the ACCA based on her 23 prior convictions of burglaries in Georgia in 2000. In her present § 2255 motion, she contends that the Georgia statute under which she was convicted, Ga. Code Ann. § 16-7-1, defined the crime broader than the generic burglary established in *Taylor v. United States*, 495 U.S. 575, 598 (1990). Moreover, she argues that the elements of the statute were not divisible under the test described in *Mathis v. United States*, 136 S. Ct. 2243 (2016), thus preventing the use of the modified categorical approach to determine if her crimes in fact mirrored a generic burglary.

The Eleventh Circuit has determined that the alternative locational elements in the Georgia burglary statute in effect at the time of Stevenson's prior convictions <u>were</u> divisible. *United States v. Gundy*, 842 F.3d 1156, 1168 (11th Cir. 2016), *petition for cert. filed*, No. 16-8617 (U.S. Apr. 6, 2017). Accordingly, the court held that the appellant's prior Georgia burglary convictions each constituted a violent felony under the ACCA's enumerated crime clause. *Id.* at 1169.[2]

I find the Eleventh Circuit's construction of the Georgia burglary statute persuasive. Thus, even assuming that Stevenson has standing to contest her ACCA sentence under *Johnson*, *see United States v. Winston*, 850 F.3d 677, 682 (4th Cir.

---

[2] The court noted that the Georgia burglary statute was consistently worded between 1980 and 2012. *Id.* at 1164 n.3.

2017) (holding that where a defendant's ACCA sentence may have been predicated on application of the residual clause, the defendant may rely on *Johnson's* new rule of constitutional law), she has suffered no prejudice, since her predicates were rightfully determined based on the enumerated crime clause.

For these reasons, the United States' Motion to Dismiss will be granted and the § 2255 motion dismissed.

A separate final order will be entered forthwith.

DATED: June 22, 2017

/s/ James P. Jones
United States District Judge